UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:14-mc-00698 |
| | ) | |
| v. | ) | |
| | ) | Judge Campbell |
| ADAM READ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# M E M O R A N D U M

The plaintiff, John Black, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, brings this *pro se, in forma pauperis* action against Metropolitan Nashville police department employees Adam Read, Michael Donaldson, Steven Jenkins, Chad Young, Scott Cothran, Andrae Starling, and Buddy Rhett in their individual capacities only, purporting to assert claims for civil rights violations under 42 U.S.C. § 1983. (Docket No. 1). His complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I. FACTUAL ALLEGATIONS

The complaint alleges that, on April 17, 2013, while driving, the plaintiff was stopped by Metropolitan Nashville police officers, taken from his vehicle by force, handcuffed, placed in a police car, and taken to a different location where the plaintiff was strip-searched. Nine baggies of cocaine and $91.00 in cash were recovered from the plaintiff's person. The plaintiff subsequently was charged with felony drug offenses and incarcerated at the Davidson County Jail. According to the complaint, the police lacked probable cause to arrest, search, and incarcerate the plaintiff.

1

The complaint alleges that, as a result of the plaintiff's arrest, a forfeiture warrant was issued to seize the plaintiff's personal property, and the property has been seized; in addition, the plaintiff's probation has been revoked. According to the complaint, the plaintiff is now "awaiting adjudication" of the drug charges against him. (Docket No. 1 at pp. 6-20). The complaint seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at pp. 2, 20-23).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

2

the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.    ANALYSIS

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The complaint names Metropolitan Nashville police department employees Adam Read, Michael Donaldson, Steven Jenkins, Chad Young, Scott Cothran, Andrae Starling, and Buddy Rhett as defendants as their individual capacities only. These persons, acting in their individual capacities, are "persons" acting under color of state law who may be sued under § 1983. Generally, the complaint alleges that the plaintiff was falsely arrested, improperly searched, and falsely imprisoned

3

by the police officers, and that the defendants knew or should have known that the plaintiff was not guilty of the crimes charged.[1]

Claims of false arrest and false imprisonment under § 1983 overlap, with false arrest being a species of false imprisonment. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A false arrest claim requires a plaintiff to show that the underlying arrest lacked probable cause. *See, e.g., Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (for a wrongful arrest claim to succeed under § 1983, plaintiff must prove that police lacked probable cause); *Gumble v. Waterford Twp*., 171 F. App'x 502, 507 (6th Cir. 2006) (quoting *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985) ("[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff.")); *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988) ("[A]rrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law.").

Generally, probable cause exists when the police have "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). "Probable cause determinations involve an examination of all facts and circumstances within an officer's knowledge at the time of

---

[1] The complaint also alleges that the plaintiff's due process rights have been violated. For purposes of this initial screening, because the court finds that the complaint states colorable claims for false arrest/false imprisonment under § 1983, the court need not sort out at this time the plaintiff's lengthy allegations regarding the affidavit supporting his arrest warrant and the veracity and reliability of the confidential informant who assisted in the investigation of the plaintiff. The court notes, however, that the plaintiff's Fourteenth Amendment due process claims may be subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), depending on the status of the criminal charges against the plaintiff. *See Medley v. City of Detroit*, 2008 WL 427930, at *11 (E.D. Mich. Sept. 16, 2008)(where prisoner claimed that his due process rights were violated when he was convicted for possession of weapons which were not in his possession, court dismissed the claim under *Heck,* finding that such a claim would imply the invalidity of the prisoner's conviction). Here, it appears that the state proceedings against the plaintiff have not concluded. (*See* Docket No. 1 ¶ 34).

an arrest." *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Sixth Circuit precedent suggests that, in the context of a warrantless arrest, a police officer may be under some duty to make a reasonable investigation in determining whether adequate probable cause exists for an arrest. *See Gardenhire v. Schubert*, 205 F.3d 303, 328 (6th Cir. 2000)("An allegation by one individual that items in another's possession actually belong to her is not enough to create probable cause that a crime has been committed.").

Where an arrest is made pursuant to a grand jury indictment, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 307 n.13 (6th Cir. 2005) (citing *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). However, "after-the-fact grand jury involvement cannot serve to validate a prior arrest." *Id.* (citing *Garmon v. Lumpkin Cnty.*, 878 F.2d 1406, 1409 (11th Cir. 1989) ("A subsequent indictment does not retroactively provide probable cause for an arrest that has already taken place.")).

The Supreme Court has stated that "[a]n illegal arrest, without more has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980) (citing cases). "The exclusionary principle of *Wong Sun* and *Silverthorne Lumber Co.* delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness. Respondent is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the

5

opportunity to prove his guilty through the introduction of evidence wholly untainted by the police misconduct." *Crews*, 445 U.S. at 474. Thus, any claim by plaintiff for false arrest on the basis that his arrest was conducted without probable cause would not be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which precludes a plaintiff from bringing a civil claim which, if he is victorious, would necessarily invalidate a criminal conviction. Because, here, "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487 (internal footnote omitted). As the Supreme Court footnoted:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, *see Murray v. United* States, 487 U.S. 533, 539, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988), and especially harmless error, *see Arizona v. Fulminante*, 499 U.S. 279, 307-308, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, *see Memphis Community School. Dist. v. Stachura*, 477 U.S. 299, 308, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986), which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Heck*, 512 U.S. at 487 n.7.

Under these principles, the court finds that the complaint, at least for purposes of the initial screening, states colorable claims against the named defendants in their individual capacities for false imprisonment/false arrest. The court cautions the plaintiff that this is a preliminary finding only. The court finds merely that the complaint survives the initial screening required by Congress.

**IV.    CONCLUSION**

For these reasons, the court finds the plaintiff's complaint states colorable claims for false arrest/false imprisonment against the named defendants under 42 U.S.C. § 1983. Those claims shall be allowed to proceed.

An appropriate order shall follow.

_Todd Campbell_
Todd J. Campbell
United States District Judge