UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN BLACK, | ) |
| Plaintiff | ) |
| | ) No. 3:14-1181 |
| v. | ) Judge Campbell/Bryant |
| | ) **Jury Demand** |
| ADAM READ, *et al.*, | ) |
| Defendants | ) |

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Defendants Adam Read, Steven Jenkins, Buddy Rhett, Scott Cothran and Michael Donaldson ("Defendants") have filed their motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted (Docket Entry 44). Plaintiff Black, a prisoner proceeding *pro se* and *in forma pauperis*, has not filed a response in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be DENIED.

### STATEMENT OF THE CASE

Plaintiff Black has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that on April 17, 2013, the Defendant officers of the Metropolitan Nashville Police Department stopped the car in which he was riding, searched the car and Plaintiff's person, and arrested Plaintiff, all without probable cause in violation Plaintiff's rights under the Fourth and

Fourteenth Amendments to the United States Constitution. Plaintiff also claims that Defendant Read wrongfully subjected Plaintiff's 1990 Chevrolet Caprice and $91 in cash to wrongful forfeiture (Docket Entry No. 42). Defendant Read has filed an answer denying liability (Docket Entry No. 49), and all above-named Defendants have filed their motion to dismiss.

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rules of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."

*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## ANALYSIS

A district court cannot grant a motion to dismiss pursuant to Rule 12(b)(6) in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion to ensure that he has

discharged his burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The undersigned Magistrate Judge notes at the outset that the Court upon a preliminary review required by 28 U.S.C. § 1915A has found that the Plaintiff's complaint states a colorable claim for false arrest/false imprisonment under 42 U.S.C. § 1983 against the moving Defendants. It appears that the Plaintiff has included the operative allegations from his original complaint in his amended complaint. In particular, Plaintiff alleges that each of these moving Defendants participated in the allegedly unlawful arrest of Plaintiff by physically taking him into custody without probable cause. In addition, Plaintiff alleges that Defendant Jenkins physically searched Plaintiff's person without probable cause to do so. Although Defendants argue that these allegations are merely conclusory and therefore insufficient to state a plausible cause of action under the authority of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the undersigned Magistrate Judge disagrees. The undersigned finds that, under the liberal standard of construction applicable to *pro se* pleadings, Plaintiff's amended complaint does state a Fourth Amendment claim against the Defendant officers.

Defendants next argue that Plaintiff's due process claim under the Fourteenth Amendment should be dismissed as indistin-

4

guishable from his Fourth Amendment claim. It does appear in Plaintiff's amended complaint that he alleges that Defendants' search and seizure of Plaintiff's person and property without probable cause violates Plaintiff's rights under both the Fourth and Fourteenth Amendments (Docket Entry No. 42). Plaintiff fails to explain how the rights afforded under these respective amendments differ from each other. As Defendants point out, the Supreme Court has held that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendments, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process guaranteed by the Fourteenth Amendment. *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Therefore, the undersigned finds that Plaintiff's claims against these Defendants should be analyzed under the Fourth Amendment authority and not that of the Fourteenth Amendment. Nevertheless, as stated above, the undersigned finds that, at least upon a motion to dismiss, Plaintiff's claims survive.

For the reasons stated above, the undersigned Magistrate Judge finds that Defendants' motion to dismiss (Docket Entry No. 44) should be denied.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that Defendants' motion to dismiss be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of September, 2015.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge