UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN BLACK, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:14-1181 |
| v. ) | Judge Campbell/Bryant |
| ) | **Jury Demand** |
| ADAM READ, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE TODD J. CAMPBELL**

## REPORT AND RECOMMENDATION

Defendant Adam Read has filed his motion for judgment on the pleadings (Docket Entry No. 83). Plaintiff Black, a prisoner proceeding *pro se* and *in forma pauperis*, has not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant Read's motion be GRANTED and that the complaint against him, as amended, be dismissed.

## STATEMENT OF THE CASE

Plaintiff Black, a prisoner proceeding *pro se* and *informa pauperis,* has filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Read, an officer employed by the Metropolitan Nashville Police Department, violated Plaintiff's constitutional rights based upon the search and subsequent arrest of Plaintiff on April 17, 2013 (Docket Entry No. 42 at 4). Specifically, Plaintiff claims that Defendant Read and fellow

officers lacked probable cause to search and thereafter arrest Plaintiff Black on charges of possession and distribution of a controlled substance in Nashville, Tennessee.

Defendant Read filed an answer denying liability and asserting affirmative defenses (Docket Entry No. 49). Read has now filed his motion for judgment on the pleadings to which Plaintiff Black has not responded in opposition.

**STANDARD OF REVIEW**

The standard of review for a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is the same standard as that applied to a motion to dismiss pursuant to Rule 12(b)(6). *Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to

make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**ANALYSIS**

As stated above, Plaintiff Black has not responded in opposition to Defendant Read's motion for judgment on the pleadings. Nevertheless, a District Court cannot grant a motion to dismiss in favor of a movant simply because the other party has not responded. The court is required, at a minimum, to examine the movant's motion to dismiss to ensure that he has discharged his burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

In support of his motion, Defendant Read has filed a copy of the judgment entered against Plaintiff Black on October 30, 2014, in the Criminal Court for Davidson County, Tennessee[1] (Docket Entry No. 83-1). This judgment states that on that date Plaintiff Black pled guilty to possession of a Schedule II controlled substance over .5 gram and was sentenced to a period of incarceration in the custody of the Tennessee Department of Corrections. The date of the offense to which Plaintiff Black pled guilty is listed as April 17, 2013.

From this evidence it appears that Plaintiff Black entered a guilty plea to a felony drug offense following the arrest that gives rise to this present cause of action.

---

[1] A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment. *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001).

4

Defendant Read argues that he is entitled to judgment on the pleadings on three separate but related grounds. First, Read argues that Plaintiff's guilty plea on a criminal charge for which he was arrested is determinative on the question whether probable cause existed to arrest Plaintiff for the crime. Second, Read asserts that Plaintiff is barred from relitigating the issue of whether there was probable cause to detain or arrest him under the *Heck v. Humphrey* doctrine and principles of estoppel and *res judicata*. Finally, Read argues that because he did not violate Plaintiff's Fourth Amendment rights, he is entitled to qualified immunity.

In the case *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988), the Sixth Circuit held that the plaintiff's no contest pleas to the criminal charges against him estop him from asserting in a section 1983 action that the defendant officers lacked probable cause to arrest him for the charged offenses. "We hold that the pleas in state court made by defendants and the finding of guilt and imposition of fines by that court estop plaintiff from now asserting in federal court that the defendant police officers acted without probable cause." *Walker*, 854 F.2d at 142. *Walker* has been cited in a number of cases for the rule that a plaintiff's guilty plea estops him from bringing a section 1983 action to challenge an arrest for the offense on which his conviction is based. *See*, *e.g.*,

*Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007); *Fox v. Mich. State Police Dep't,* 173 F. App'x 372, 378 (6th Cir. 2006); *Cunningham v. Sisk*, 136 F. App'x 771, 774 (6th Cir. 2005); *Hemphill v. Haglund*, 45 F. App'x 519, 520 (6th Cir. 2002); *Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001). Based upon these authorities, the undersigned Magistrate Judge finds that Plaintiff Black's guilty plea on the state court drug charges estops him from claiming in this case that Defendant Read lacked probable cause to arrest and charge him for these offenses.

The undersigned further finds that Plaintiff's claim is not cognizable because a ruling in Plaintiff's favor would necessarily imply the invalidity of his state court conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

For the foregoing reasons, the undersigned Magistrate Judge finds that Defendant Read's motion for judgment on the pleadings should be granted. Therefore, the undersigned finds it unnecessary also to analyze Defendant Read's claim of qualified immunity.

For the reasons stated above, the undersigned Magistrate Judge finds that Defendant Read's motion for judgment on the pleadings should be granted and the complaint against him, as amended, dismissed.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant Read's motion for judgment on the pleadings be granted and that the complaint against him, as amended, be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of June, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge